O’NIELL, J.
Defendant appeals from a conviction and sentence for the crime of bigamy, and presents six bills of exception taken to the rulings of the district judge.
[1] The first bill was reserved to the overruling of an objection made by defendant’s counsel to the introduction in evidence of a document purporting to be a marriage certificate, and a license therefor, to show that defendant had married Miss Lilian Johnson in Union county, Ark., on the 22d of July, 1913. The objection was that there was no proof of official capacity of the person’who signed the certificate, or of the one who signed the license.
Although the instruments were not authenticated as required by law, the statement per curiam attached to the bill deprives the bill of all force or effect. The statement is that defendant and his first wife, Mrs. Lilian Johnson Trull, both testified that they were married by a justice of the peace in Union county, Ark., as disclosed by the certificate, and lived together as man and wife for several months. The only defense made by the accused was that he believed that his wife had obtained a divorce from him when he married Miss Bessie Wactor in Richland parish, La., on the 13th of January, 1918. It is also said, in the statement per curiam, that the authenticity of the license and certificate of the marriage ceremony performed in Union county, Ark., was established by the testimony of both of the contracting parties. Accepting the statement per curiam as a true statement of the facts, the bill of exceptions does not give cause for annulling the verdict.
[2,3] The second bill of exceptions was reserved to the overruling of an objection to the introduction in evidence of a document purporting to be a marriage certificate,» and license therefor, to show that defendant had married Miss Bessie Wactor on the 13th of January, 1918. The objection was twofold: First, that it appeared that the license had *447 issued without the requirement of a bond to guarantee that there was no impediment to the marriage; and, second, that the license showed that it had been issued by the clerk-of the district court of Franklin parish, whereas the certificate purporting to show a performance of the ceremony was signed by a justice of the peace of the First ward of Richland parish.
There was no merit in the objections to the introduction of the document in evidence. If the clerk of court neglected to procure, before issuing the marriage license, a bond to guarantee that there was no impediment to the marriage, his neglect did not have the effect of rendering null the marriage performed by virtue of the license. According to article 100 of the Civil Code, the license should have been obtained from the clerk of the district court for the parish in which one of the contracting parties was domiciled. But if in fact neither of the parties was domiciled in Franklin parish when the license was issued by the clerk of court of that parish, the marriage which was duly contracted and solemnized in Richland parish, in virtue of the license,' was not thereby rendered null. It has been decided, and repeated several times, that the requirement of the Civil Code that a minister of the gospel or justice of the peace shall have a special license for the performance of a marriage ceremony is only directory, and that a marriage that has been otherwise duly contracted and solemnized should not be deemed null for want of a special license. See Holmes v. Holmes, 6 La. 470, 26 Am. Dec. 482; Succession of Pearce, 30 La. Aim. 1168; Sabalot v. Populus, 31 La. Ann. 854; Succession of Colwell, 34 La. Ann. 265; and Succession of Fortier, 51 La. Ann. 1598, 26 South. 554.
In the statement per curiam it is said that one of the witnesses to the ceremony testified, without objection on the part of the defendant, and that he also admitted in his testimony, that the marriage ceremony was performed in the first ward of Richland parish, by the justice of the peace who signed the marriage certificate, and that defendant and the woman named in the marriage certificate thereafter lived together as man and wife. There is therefore no merit in appellant’s second bill of exceptions.
[4] The third and fourth bills of exception were reserved to rulings sustaining the district attorney’s objection to testimony offered by defendant to show that, after being indicted, he was permitted to enlist in the army, and served in the American Expeditionary Force, before he was tried for the crime of bigamy. He was indicted in October, 1918, and arraigned in February, 1920. His attorney stated, in offering the evidence, that the purpose was to show that the accused had not been a fugitive from justice, and that his enlistment in the army was with the consent of the district attorney and other officers of the court.
There was nothing in the evidence before the jury to indicate that the accused had been a fugitive from justice; nor was any evidence offered to discredit his general reputation or character. In the absence of such evidence, proof that he had performed his patriotic duty was not at all relevant to the question of his guilt or innocence of the crime' of bigamy. It is true such proof might very properly have aroused the sympathy of the jury and called for an appeal for mercy; but it should not have interfered with the administration of justice. In rendering the verdict, the jury commended the accused to the mercy of the court, which is all that proof of his military service would have warranted. There is therefore no merit in the third and fourth bills of exception.
[5, 6] The fifth bill was reserved to the overruling of a motion for a new trial.- The *449 motion was based upon two grounds: First, that 2 of the 12 jurors dissented from the verdict, thereby showing that there was a reasonable doubt of the guilt of the accused; and, second, that defendant had discovered jiew and important evidence after the verdict was rendered.
The fact that only 10 of the 12 jurors concurred in the verdict shows that 2 had a reasonable doubt of his guilt, and that 10 had no such doubt. Article 116 of the Constitution provides that prosecutions for a crime for which the only penalty that can be imposed is imprisonment at hard labor shall be tried by a jury of 12, 9 of whom concurring may render a verdict. Bigamy is one of the crimes for which the only penalty to be imposed is imprisonment at hard labor.
It was alleged in the motion for a new trial that the so-called newly discovered evidence would prove that the accused did not obtain or apply for, directly or indirectly, a marriage license from the clerk of court of Franklin parish, and in fact that he was never in that parish. Such proof would not have affected the validity of defendant’s second marriage, if it had been otherwise valid. The license might have been obtained by the other party to the contract of marriage. Besides, what has been said with regard to the second bill of exceptions is a sufficient answer to appellant’s contention with regard to the so-called newly discovered evidence. There was no error in the overruling of the motion for a new trial.
The sixth bill was reserved to the overruling of a motion in arrest of judgment. The motion contained nothing more than a repetition of the complaints made in the previous bills of exception, which, as we have said, were not well founded.
The verdict and sentence appealed from are affirmed.